## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TIMOTHY ROLAND BRUMBLEY, #429-578  *

Plaintiff        *

   v           *   Civil Action No. RDB-15-2296

MARYLAND PAROLE COMMISSION   *

Defendant        *

### MEMORANDUM OPINION

    Timothy Roland Brumbley, presently incarcerated within the Maryland Division of Correction and housed at Maryland Transitional Center, seeks to compel his transfer to a pre-release facility and/or a parole hearing.[1] ECF No. 1 at 1, 3. As best the Court can discern, he also complains that his criminal appeal has been pending a long time and that he has been denied a copy of his trial transcript and other record evidence presented in discovery or admitted at trial. *Id.* at 2-5. Examination of Maryland's electronic docket reveals that Brumbley was convicted in 2014 in Wicomico County Circuit Court of negligent homicide while driving under the influence and sentenced to five years of incarceration.[2]

    This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In making this determination, "[t]he district court need not look beyond the complaint's

---

[1] Brumbley has failed to pay the civil filing fee or submit a motion for leave to proceed in forma pauperis. As his case cannot proceed, Brumbley will not be required to correct this deficiency.

[2] *See State of Maryland v. Timothy Roland Brumbley*, Circuit Court for Wicomico County, Case No. 22K1300404, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=22K13000404&loc=48&detailLoc=K. The conviction currently is on appeal.

allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Brumbley asks this Court to compel certain actions by the state and/or its agents.  Thus, his requests are not based on the civil rights statutes, but are more akin to a request for a writ of mandamus.  *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, this federal district court has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts to act more expeditiously in deciding Brumbley's appeal, or require that he be given discovery material and transcripts relating to his trial and/or appeal.[3]  *See e.g., Gurley v. SuperiorCourt of Mecklenburg County,* 411 F.2d 586, 586-87 (4th Cir. 1969).

To the extent that Brumbley takes issue with a denial of parole or seeks a parole hearing, he will be provided with the appropriate habeas corpus forms.  The instant action shall be dismissed without prejudice.

A separate Order follows.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] Brumbley's appeal is counseled.